UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.202.29.173,<br><br>　　　　Defendant. | Case No. 24-cv-01030-RS<br><br>**ORDER GRANTING LEAVE TO ISSUE THIRD-PARTY SUBPOENA** |

　　　　Plaintiff Strike 3 Holdings, LLC ("Strike 3"), seeks leave to serve a subpoena to discover the identity of defendant "John Doe," who allegedly has shared Strike 3's copyrighted pornographic films without authorization. Strike 3 knows the Internet Protocol ("IP") address used to distribute the videos, but only the Internet Service Provider ("ISP") associated with that address (in this instance, Comcast) can determine the account holder to which that address was assigned. Although there is no certainty that the "John Doe" account holder is the person who engaged in the allegedly wrongful distribution, Strike 3's allegations are sufficiently plausible to permit discovery as to the account holder's identity.

　　　　A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration

1  of justice, outweighs the prejudice to the responding party." *Id.* at 276.

2  In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe
3  defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe
4  defendant with sufficient specificity that the court can determine if the defendant is a real person
5  who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant;
6  (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is
7  reasonably likely to lead to identifying information that will permit service of process. *See*
8  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted).
9  "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the
10 plaintiff should be given an opportunity through discovery to identify the unknown defendants,
11 unless it is clear that discovery would not uncover the identities, or the complaint would be
12 dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (third
13 alteration in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Strike 3
14 has made an adequate showing under these standards.

15 Strike 3 has been labeled by some as a "copyright troll" that files extortive lawsuits. *Strike*
16 *3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d
17 1203, 1205 (D.C. Cir. 2020). In its detractors' view, Strike 3 profits from "the nexus of antiquated
18 copyright laws, paralyzing social stigma, and unaffordable defense costs." *Ingenuity 13 LLC v.*
19 *Doe*, 2013 WL 1898633, at *1 (C.D. Cal. May. 6, 2013). The supposed scheme works like this:
20 Strike 3 identifies thousands of IP addresses per year that uploaded its copyrighted material. *Strike*
21 *3*, 351 F. Supp. 3d at 162 (summarizing many cases). It then files thousands of functionally
22 identical lawsuits (including many in this District) and routinely seeks leave to subpoena the
23 subscriber's information from the ISP. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-08977-
24 RS (N.D. Cal. Jan. 24, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05160-RS, 2022 WL
25 5007963 (N.D. Cal. Oct. 4, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05088-LB, 2022 WL
26 4467684 (N.D. Cal. Sept. 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-04577-MMC (LB),
27 2022 WL 4021841 (N.D. Cal. Sept. 2, 2022). When Strike 3 succeeds, the subscriber learns he or
28

United States District Court
Northern District of California

she is being sued for uploading pornography. To avoid embarrassment, the subscriber usually settles for just less than the cost of defending the suit. Their alternative is to pay high legal fees for a specialist in copyright law and hope the court lets them proceed anonymously. If a defendant does put up any fight, the company usually drops the case. *See Strike 3*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

In response to such characterizations, Strike 3 alleges that it does not seek to force anyone to settle unwillingly, especially anyone that is innocent. Strike 3 insists it only files strong cases against extreme infringers who not merely engage in illegal downloading, but who are also large-scale unauthorized distributors of Strike 3's content. Strike 3 asserts it does not send demand letters or seek settlements unless initiated by a defendant or a defendant's counsel. Strike 3 expressly "welcomes" an order "establishing procedural safeguards such as allowing a defendant to proceed anonymously."

The motion is granted. To ensure Doe is not unduly prejudiced, Strike 3 must attempt to ensure Doe knows at the earliest possible opportunity that he or she can proceed anonymously, as ordered below.

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; the same requirements laid out for Comcast Cable in this Order will also apply to any follow-on orders pursuant hereto.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] then it shall comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to Defendant.

4. Plaintiff shall also request the ISP forward a copy of this Order to the subscriber, regardless of whether the ISP qualifies as a cable operator. If the ISP declines, Plaintiff shall serve a copy of this Order on Defendant simultaneous to or before any other service or communication to Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. Specifically, Plaintiff must not publicly disclose the information obtained based on this subpoena without leave of the Court — at least until the Doe defendant has had an opportunity to file a motion to proceed anonymously, or further discovery has been taken. All references to Defendant's identity must be redacted and filed under seal until further notice.

6. Plaintiff must first file an affidavit confirming it proposed confidentiality to Defendant, as it has represented it would. This filing must contain the relevant communications concerning any proposed agreement, e.g., copies of emails related to confidentiality, or descriptions of conversations with Defendant.

7. Comcast Cable, and/or any other ISP that receives a subpoena pursuant to this Order, must confer with Strike 3 and may not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

8. Comcast Cable, and/or any other ISP that receives a subpoena pursuant to this Order, must preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED**.

Dated: April 16, 2024

_____
RICHARD SEEBORG
Chief United States District Judge